**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HALSTON LAW, | No. 2:16-cv-0410-TLN-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| STATE OF CALIFORNIA, | |
|     Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice. Petitioner

is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Also pending before the court is petitioner's amended petition (Doc. 1). . "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Here, petitioner names a Lassen County Superior Court Judge as the respondent to his petition.  Because petitioner has not named the appropriate state officer, petitioner will be provided leave to amend to correct this technical defect by naming the correct respondent.  See Stanley, 21 F.3d at 360.

In addition, Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.  In the instant case, the petition fails to meet one or more of these requirements.  The petition filed in this case fails to clearly set forth the grounds for relief and the facts supporting those grounds.  It appears that petitioner is claiming there was insufficient evidence to support his conviction, but the claim is vague at best.  The quotations from the trial transcript are confusing, and fail to shed light on his actual claim.  Simply stated, petitioner does not provide enough information to inform the court or respondent what he is challenging and on what grounds.

Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c).  Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

3. Petitioner shall file an amended petition which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order; and

4. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner and the court's form Habeas Corpus Application.

DATED: October 28, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE